[Civ. No. 19386. First Dist., Div. One. Mar. 21, 1961.]

IRENE NEILSON et al., Appellants, v. GEORGE LOGSDON, III, Respondent.

John F. Roake for Appellants.

Theodore Tamba for Respondent.

WOOD (Fred B.), J. pro tem.*—Plaintiffs brought this action to recover for personal injuries and property damage sustained when their car was struck by a car driven by defendant. They appeal from a judgment against them, claiming it is not supported by the evidence.

The manner in which the accident occurred is not in dispute. Plaintiffs had stopped at a street intersection in response to a red signal. Theirs was the third or fourth car, in their lane, from the intersection. Defendant, approaching on the cross street, from plaintiffs' right, entered the intersection and turned left, toward plaintiffs. His power-steering mechanism went out of control, preventing him from straightening his course after the turn. At the same time his brakes failed. Consequently, his car continued in its course toward the left, crossed the dividing strip and hit plaintiffs' car.

There was testimony that at the scene of the accident defendant said the same thing had happened two days before, that he had meant to take care of it but had not had time to do so. Upon the witness stand he denied having made any

---

*Assigned by Chairman of Judicial Council.

such statement and said that this was the first experience he had had with the power steering mechanism giving out. The jury evidently believed him. We must accept their resolution of this conflict.

 Defendant was asked if his car had been in a garage before the accident. He stated that he had the car in the garage four or five times to have it fixed; that it had been in the garage within a week or two before the accident. Asked if he had any trouble driving the car from the time he had it in the garage about a week before the accident and the time of the accident, he said he had taken it to the garage and was told there was nothing seriously wrong with it and to bring it in after the Christmas holidays.[1] He testified that he did have brake trouble two days before the accident; of what nature and how serious, he was not asked. Immediately prior to the accident he had driven his car some distance over a period of about one hour and experienced no mechanical difficulty with the car during that period.

Upon this evidence we see no basis for a reviewing court to disturb the verdict. The jury could reasonably infer that the brake trouble which defendant had two days before the accident was not such as to inform or put him on notice that the car was or might be unsafe particularly in the light of the information given him at the garage that there was nothing seriously wrong with the car, coupled with the lack of mechanical difficulties experienced during the hour of driving which immediately preceded the accident. This is so under any theory of the case, whether it be the theory upon which the case was submitted to the jury or the theory which plaintiffs now put forward.

 Plaintiffs claim the evidence shows that defendant was driving his car in an "unsafe condition" (defective steering equipment and defective brakes in violation of § 679 of the former Vehicle Code (§ 24002 of the Vehicle Code of 1959)), giving rise to a presumption of negligence which defendant failed to rebut. They say the brake trouble defendant experienced two days before demonstrates that he knew the brakes were defective and thus prevents him from rebutting the presumption insofar as the brakes are concerned. This is an issue that was not presented to the jury. The instructions, given by the court on its own motion, dealt appropriately with burden of proof, preponderance of evidence, negligence, ordinary care, proximate cause and other subjects helpful to the jury in

[1] The accident occurred on the 17th of December, 1957.

making a factual determination. They were silent as to any statutory duty the violation of which would give rise to a rebuttable presumption of negligence. Plaintiffs have not taken exception to any of the instructions given, nor do they suggest that they requested any which the court refused. The record is silent on the question whether either party requested instructions of any kind. We infer that neither party did so. Nor is there any indication that plaintiffs moved for a directed verdict or for judgment notwithstanding the verdict. Under these circumstances it may be that presentation of the issue of liability predicated upon violation of the statute comes too late. However, respondents have not raised this question and we find no need to decide it in view of our conclusion that under any theory the issue of liability was one for factual determination by the jury.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.